UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                     :
                                                                     :
TRAVELERS CASUALTY INSURANCE                                         :
 COMPANY OF AMERICA,                                                 :
                                                                     :
    Plaintiff,                                                       :          ORDER
                                                                     :           22-cv-5496 (NSR)(JCM)
        -against-                                                    :
                                                                     :
BJB CONSTRUCTION CORP., a/k/a                                        :
MOY CONSTRUCTION, and                                                :
VILLAGE/TOWN OF MOUNT KISCO, NEW YORK,                               :
    Defendants.                                                      :
------------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

    Plaintiff Travelers Casualty Insurance Company of America ("Travelers") commenced this

action against Defendants BJB Construction Corp. a/k/a Moy Construction ("BJB") and the

Village/Town of Mount Kisco, New York ("Mount Kisco") seeking declaratory judgment,

rescission of the insurance policies Travelers issued to BJB, and reimbursement of defense costs.

(ECF No 1.) On February 8, 2024, Travelers moved for summary judgment, arguing that BJB

made material misrepresentations in its insurance application and that Travelers was therefore

entitled to rescind the policies. (ECF Nos. 45-49.) Mount Kisco and BJB opposed the motion.

(ECF Nos. 50–56.)

    By Opinion and Order dated August 27, 2024, the Court denied Travelers' motion for

summary judgment. (Opinion, ECF No. 57.) The Court held that Travelers had established that

BJB made a misrepresentation in its application. (*Id*. at 6–10.) The Court further held, however,

that Travelers had not established materiality as a matter of law because it failed to provide

sufficient documentary evidence of its underwriting policies. (*Id*. at 9–11.) Specifically, the Court

1

concluded that the Ineligible Operations List and related documents did not constitute underwriting guidelines, policies, or rules and "provide[d] no useful information to the Court about the underwriter's decision making process for granting a policy." (*Id*. at 10–11.)

Following the November 26, 2024 pretrial conference, the Court directed the parties to submit simultaneous memoranda addressing whether the remaining claim must proceed before a jury or may be decided as a matter of law. (*See* ECF Nos. 58–62.) For the reasons set forth below, the Court concludes that the remaining issue of materiality shall proceed to the factfinder.

Under New York law, an insurer may rescind a policy issued in reliance on a material misrepresentation. *Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, 6 F. Supp. 3d 380, 389 (S.D.N.Y. 2014) (policy *void ab initio* if issued in reliance on material misrepresentations), aff'd sub nom. *Cont'l Cas. Co. v. Boughton*, 695 F. App'x 596 (2d Cir. 2017); *Fid. & Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp.*, 540 F.3d 133, 139 (2d Cir. 2008) (same). "A misrepresentation is material if knowledge" of the true facts would have led the insurer to refuse to issue the policy." N.Y. Ins. Law § 3105(b); *Phila. Indem. Ins. Co. v. Horowitz, Greener & Stengel, LLP*, 379 F. Supp. 2d 442, 453 (S.D.N.Y. 2005).

Materiality is generally for the factfinder. "Under New York law, materiality is usually a question of fact for the jury." *Cont'l Cas. Co.,* 6 F. Supp. 3d at 390. The Second Circuit has likewise explained that "[m]ateriality is ordinarily a question of fact," turning on "whether a reasonable insured should have believed the fact was something the insurer would consider material." *Christiania Gen. Ins. Corp. of N.Y. v. Great Am. Ins. Co*., 979 F.2d 268, 278–79 (2d Cir. 1992) (citing *Sebring v. Fidelity–Phenix Fire Ins. Co. of N.*Y., 255 N.Y. 382, 385 (1931). A disputed or fact-intensive materiality question thus "raises a question of fact not appropriately determined on a summary judgment motion." *Id*. at 279. The Court may decide materiality as a matter of law only

2

where the evidence is "clear and substantially uncontradicted." *Gemini Ins. Co. v. Integrity Contracting, Inc*., No. 17-cv-1151 (AJN), 2019 WL 1099705, at *3 (S.D.N.Y. Mar. 8, 2019) (quoting *Berger v. Manhattan Life Ins. Co*., 805 F. Supp. 1097, 1102 (S.D.N.Y. 1992).

The insurer bears the burden of proving materiality, *Scottsdale Ins. Co. v. Priscilla Props*., LLC, 254 F. Supp. 3d 476, 481 (E.D.N.Y. 2017), and to establish materiality as a matter of law, ordinarily must rely on documentary underwriting evidence, such as manuals, rules, bulletins, or guidelines pertaining to similar risks, rather than conclusory testimony. *Cont'l Cas. Co*., 6 F. Supp. 3d at 390. In denying Travelers' summary judgment motion, the Court held that Travelers had not made that showing, (Opinion at 9–11), but did not foreclose Travelers from presenting admissible evidence of materiality at trial.

Defendants contend that the August 27, 2024 Opinion and Order is law of the case and forecloses Travelers from establishing materiality. (Mt. Kisco Pre-Trial Mem., ECF No. 58 at 3–12; BJB Pre-Trial Mem., ECF No. 61 at 2–4.) The Court disagrees. The prior ruling denied Travelers' summary judgment motion because Travelers had not established materiality as a matter of law, (Opinion at 9–11), but it did not resolve the claim in Defendants' favor or foreclose Travelers from proving materiality at trial. Nor did either Defendant cross-move for summary judgment seeking dismissal of Travelers' claim. (*See* Travelers Pre-Trial Mem., ECF No. 60 at 1, 5.) The law-of-the-case doctrine, which counsels adherence to prior rulings absent "cogent" or "compelling" reasons, *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002), does not require otherwise.

The Court recognizes Defendants' argument that Travelers should be precluded under Rule 37(c)(1) from offering additional underwriting evidence not disclosed in discovery. (Mt. Kisco Pre-Trial Mem., ECF No. 58 at 4–12; BJB Pre-Trial Mem., ECF No. 61 at 3–4.) Defendants may

raise that issue by motion in limine or trial objection. *See* Fed. R. Civ. P. 37(c)(1); P*atterson v. Balsamico,* 440 F.3d 104, 117 (2d Cir. 2006). If warranted, Defendants may also challenge the sufficiency of Travelers' admitted proof under Rule 50 after Travelers has been fully heard. *See* Fed. R. Civ. P. 50(a)(1). Accordingly, the Court declines to dismiss Travelers' remaining claim at this juncture, and the issue of materiality will proceed to the factfinder.

The parties are directed to appear for a pre-trial conference on September 24, 2026 at 2 p.m. This conference will be held before Judge Román via Webex Teleconference. To access the teleconference, please follow these directions: (1) Dial the Meeting Number: 855-244-8681; (2) Enter the Access Code: 2310 494 3855 #; and (3) press # again to enter the teleconference.

Dated: July 1, 2026
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

4